USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/11/18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

UNITED STATES OF AMERICA,

-v-

ANDREW ECHEVARRIA,

                                   Defendant.

-------------------------------------------------------------X

18 Civ. 44 (PAE)

OPINION & ORDER

PAUL A. ENGELMAYER, District Judge:

On August 15, 2016, Andrew Echevarria pled guilty before this Court to (1) participating in a racketeering enterprise in violation of 18 U.S.C. § 1962(c) and (2) conspiring to distribute and possess with the intent to distribute at least 28 grams of mixtures and substances containing a detectable amount of "crack" cocaine in violation of 21 U.S.C. §§ 841(b)(1)(B) and 846. *See* Crim. Dkt. 889-1 ("Plea Agreement") at 1; Crim. Dkt. 889-2 ("Plea Tr.") at 20–26.[1] The plea agreement specified that the maximum term of supervised release was five years on the racketeering count, and life on the narcotics conspiracy count. Plea Agreement at 1–2. Echevarria entered his guilty plea after the Court reviewed with him these maximum terms of supervised release for each count. *See* Plea Tr. at 11. On December 7, 2016, this Court sentenced Echevarria to a term of 60 months imprisonment on each count, the terms to run concurrently. *See* Crim. Dkt. 657 at 33. The Court further ordered that the prison term be followed by a term of seven years supervised release on the narcotics conspiracy count, to run concurrently with a three-year term of supervised release on the racketeering count. *Id.*

---

[1] Citations to "Crim. Dkt." refer to the docket in 15 Cr. 445 (PAE); citations to "Dkt." refer to the civil docket of this case.

Echevarria has now filed a petition for relief under 18 U.S.C. § 2255. He seeks reduction of his supervised release term from seven to five years. He alleges that his Sixth Amendment right to effective assistance of counsel, *see Strickland v. Washington*, 466 U.S. 668, 686 (1984), was violated because his counsel failed to alert the Court that the parties had, purportedly, agreed to a five-year term of supervised release. This decision resolves—and denies—that petition as meritless.

## A. Legal Framework

A court should grant a hearing on a § 2255 petition, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also Cuevas v. United States*, No. 10 Civ. 5959 (PAE)(GWG), 2013 WL 655082, at *2 (S.D.N.Y. Feb. 22, 2013). A petition conclusively shows a lack of entitlement to relief where it does not "contain assertions of fact that a petitioner is in a position to establish by competent evidence." *United States v. Aiello*, 814 F.2d 109, 113 (2d Cir. 1987). Further, where "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rule 4(b), Rules Governing § 2255 Proceedings; *see also Puglisi v. United States*, 586 F.3d 209, 213 (2d Cir. 2009).

## B. Discussion

Echevarria claims his counsel told him that under an agreement between the parties, Echevarria would be sentenced to "no more than 5 years supervised release" and that he had "relied on that information" in agreeing to plead guilty. Dkt. 2, Ex. A at 1. He further claims that during his sentencing hearing, as this Court sentenced him to a term of seven years supervised release, he tried to tell his attorney that this outcome was inconsistent with the

2

parties' agreement, but his attorney told him to be quiet and did not bring this agreement to the Court's attention. *Id.* at 2.

Echevarria's grievance is frivolous. His claim of an agreement to cap his supervised release term at five years is squarely at odds with both the text of the plea agreement into which Echevarria entered with the Government, and the transcript of the plea proceeding.

The plea agreement—which Echevarria signed on August 15, 2016, and which during his plea proceeding he admitted under oath to having read, discussed with counsel, and voluntarily signed—states that Echevarria faced a "mandatory minimum term of supervised release of four years" and "a maximum term of supervised release of life." Plea Agreement at 2; *see also id.* at 1–2 (setting out a statutory maximum supervised release term for each count). The agreement further states that Echevarria's entry of a guilty plea to the offenses "authorizes the sentencing court to impose any sentence, up to and including the statutory maximum sentence." *Id.* at 5. And, further inconsistent with Echevarria's present claim, the agreement does not contain or reflect any agreement among the parties as to the term of supervised release that would be imposed, or any agreed-upon cap on that term. The plea agreement expressly states that it embodies all agreements among the parties. *Id.* at 7 ("No additional understandings, promises, or conditions have been entered into other than those set forth in this Agreement.").

Moreover, during the plea proceeding, the Court, pursuant to Fed. R. Crim. P. 11 and its uniform practice, notified Echevarria of the maximum term of supervised release that the Court could impose: a life term. Plea Tr. at 11. The Court further reviewed the plea agreement with Echevarria, and Echevarria acknowledged under oath that there were no agreements among the parties relating to his plea or to sentencing other than those contained in the plea agreement. *Id.* at 16.

These materials—the plea agreement and the transcript of the plea proceedings—conclusively defeat Echevarria's claim of an agreement among the parties to cap his supervised release term at five years, and his derivative claim that his counsel was ineffective for failing to vindicate that agreement. And Echevarria, far from making a concrete allegation as to the origin, timing, and circumstances of a purported contrary agreement among the parties, is silent on that point. His claim of such an agreement is conclusory. His petition is therefore properly denied as meritless at the threshold, with no need for a hearing.

Moreover, even if Echevarria's present claim is construed—generously—not as alleging that the parties agreed to a five-year supervised release term but that his counsel unilaterally predicted that a term of that length would be imposed, Echevarria cannot claim to have relied on that prediction in deciding to plead guilty. That is because, during Echevarria's plea hearing, the Court notified him that "[n]o one, not your attorney, not the government's attorney, no one can give you any assurance of what your sentence will be" because the Court would make that final determination, and could do so only after receiving a presentence report and each party's sentencing submission. *Id.* at 14. Echevarria acknowledged that he understood the Court's discretion to impose sentence. *Id.* He, therefore, may not claim ineffective assistance of counsel for his attorney's alleged "failure" to object during sentencing to a term longer than the one counsel had purportedly forecast.

## CONCLUSION

For the foregoing reasons, Echevarria's petition for a writ of habeas corpus is denied. The Court declines to issue a certificate of appealability. Echevarria has not made a substantial showing of a denial of a federal right, and appellate review is therefore not warranted. *See* 28 U.S.C. § 2253(c)(2); *Love v. McCray*, 413 F.3d 192, 195 (2d Cir. 2005).

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: October 11, 2018
      New York, New York